UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROHAN JOHNSON,

               Petitioner,

                                                MEMORANDUM AND ORDER

     -against-                        21-MC-0788(JS)

UNITED STATES OF AMERICA,

               Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Rohan Johnson, pro se
                    c/o 229-19 Merrick Blvd, #336
                    Jamaica, NY 11413

For Respondent:     Charles N. Rose, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11201

SEYBERT, District Judge:

        Rohan Johnson ("Petitioner" or "Johnson"), proceeding pro se, petitions this Court "to seal and or expunge the record in PRIME CASE 2:06 CR 00010-JS-1" (hereafter, the "Expunge Petition"). (ECF No. 1 at 1; see also Suppl. Exs., ECF No. 2.[1]) The Government opposes the Expunge Petition, asserting the Court lacks jurisdiction over it, thereby compelling its dismissal.

---

[1] Petitioner's Supplemental Exhibits consist of a March 17, 2021 fax cover sheet to "Larry Mansfield, S/A, Nassau County Veteran Service Office" regarding "Pay/Compensation, Disability Appeals" and the accompanying "Affidavit of Truth" by Rohan Anthony Johnson, regarding "Requisition and Application for reconsideration/appeals for SUMMARY-DENIAL of payment for personal Welfare/Obligations . . ." (ECF No. 2 at 4-6.)

(Opp'n, ECF No. 4.[2])  For the reasons stated herein, the Expunge Petition is DISMISSED.

BACKGROUND

The Court assumes the parties' familiarity with Petitioner's underlying criminal case, No. 06-CR-010 (hereafter, the "Criminal Case").  For the reader's convenience, the Court summarily states the following.

A.  The Criminal Case

    1.  The Underlying Plea and Sentence

On February 23, 2007, in his Criminal Case before this Court, Johnson entered a knowing and voluntary guilty plea to Counts One through Four of the Superseding Indictment related to a scheme involving the fraudulent transfer of real properties. (See Criminal Case, July 9, 2007 Judgment, ECF No. 72, at 1; see also id., Plea Tr., ECF No. 79.)  Count One charged Conspiracy to Convert and Convey Property of the United States without Authority in violation of 18 U.S.C. § 371; Counts Two and Three charged Unlawful Conversion of United States Property in violation of 18 U.S.C. § 641; and, Count Four charged Mail Fraud Conspiracy in violation of 18 U.S.C. § 1349.  (See Criminal Case, Superseding Indictment, ECF No. 42, at 5-10.)  Thereafter, Johnson was

---

[2] The Government filed its Opposition in Petitioner's Criminal Case.  (See Criminal Case, ECF No. 127.)  Upon the Court's directive, the Opposition has also been filed in the docket of this case.

sentenced to a term of forty-six (46) months of imprisonment on each Count, all terms to run concurrently, followed by three years of supervised release and $116,500 in restitution. (See Criminal Case, at Sent'g Tr., ECF No. 78, 14:10-19.) Johnson appealed his conviction and sentence, but the Circuit Court affirmed both. See United States v. Johnson, 293 F. App'x 59 (2d Cir. 2008) (summary order).

### 2. Johnson's Section 2255 Motion

Prior to the Second Circuit ruling on his direct appeal, Johnson filed a Section 2255 motion requesting that his conviction and sentence be vacated arguing, inter alia, that his guilty plea was a result of legal coercion. (See Civil Case No. 08-CV-3487, Section 2255 Motion, ECF No. 1.) The Court denied Johnson's Section 2255 Motion; it rejected Johnson's legal coercion contention, finding it was "utterly without merit," especially since he "ha[d] not presented any credible arguments indicating that he was not fully informed of the consequences of pleading guilty." See Johnson v. United States, No. 08-CV-3487, 2009 WL 5218637, at *2 (E.D.N.Y. Dec. 28, 2009) ("To the extent that [Johnson] now claims he was coerced into entering a plea of guilty, . . . [he] knowingly and voluntarily entered a guilty plea with full knowledge of the factual basis of the plea and the consequences of entering a plea. The Court thoroughly questioned [Johnson] during his plea allocution to ensure that [hi]s plea was

3

voluntary. [Johnson] repeatedly stated during his plea and during sentencing that he understood he was entering a plea of guilty to all charges of the Superseding Indictment.").

### 3. Johnson's *Coram Nobis* Petition

In 2017, Petitioner filed a petition for a writ of error coram nobis arguing that his guilty plea was invalid, again claiming coercion as one of his grounds for relief. (See Criminal Case, Coram Nobis Petition, ECF No. 98, at 1-2.) Finding this collateral attack unpersuasive, the Court denied Johnson's coram nobis petition specifically finding no claimed coercion. Johnson v. United States, No. 06-CR-0010, 2018 WL 8335489, at *4 (E.D.N.Y. May 9, 2018) (stating court had reviewed the record of Johnson's guilty plea and found it was knowingly and voluntarily made since on the record, Johnson stated: "(1) he understood his plea, (2) he wished to enter the guilty plea, (3) he understood the rights he was forfeiting by entering the guilty plea, and (4) he engaged in a factual allocution regarding his criminal conduct" (citation omitted); further noting the Court already rejected Johnson's coercion argument in denying his Section 2255 Motion).

## B. The Present Miscellaneous Case

Here, Petitioner seeks the sealing or expungement of his Criminal Case, claiming to have "clear and convincing evidence of prejudice VIA 'legal coercion, perjury and duress'." (Expunge Petition at 2.) While difficult to discern, it appears Johnson is

claiming to have suffered "injurious judicial discrimination/animus" as a result of actions by the Government in his Criminal Case. (Id. at 2-3.[3]) He also asserts to have been denied a trial by jury three times, claiming to never have "made any 'plea agreement/contract'" with the Government and to being subjected to "deceptive practice and due process." (Id. at 3.) He contends that his Criminal Case "file is a negative factor for the USA and its courts, and, this matter-of-law constitute a TRAVESTY of JUSTICE." (Id.) Johnson requests the Court expunge his criminal record, grant a bill of particulars, and permit discovery "to further the course of 'true justice' and for all and other relief/remedy that are deemed equitable and proper." (Id. (emphasis added); see also Misc. Case Info. Sheet, ECF No. 2, at 1 (requesting "expungement of prejudiced record, to make whole").) In support of his requested relief, Petition cites to 18 U.S.C. §§ 2017, 241, and 242. (See id.)

In opposition and relying upon Doe v. United States, 833 F.3d 192, 194 (2d Cir. 2016), the Government contends "the petitioner's motion must be dismissed, as a district court does not have jurisdiction over a motion to expunge a criminal conviction that has concluded." (Opp'n at 1.) Since Johnson's

---

[3] In quoting from the Expunge Petition, other than where Johnson clearly employs all capital letter in a word or words for emphasis, the Court uses conventional capitalization norms and not those employed by Johnson.

5

"conviction is valid and the [C]riminal [C]ase has been concluded," the Government maintains the Court does not have jurisdiction over Petitioner's Expunge Petition. (Id. at 2.)

## DISCUSSION

As an initial matter, because Petitioner's submissions were filed pro se, the Court will liberally construe them "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, this does not excuse Petitioner "'from compl[ying] with relevant rules of procedural and substantive law'. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

A. Legal Standard

"Federal courts . . . are courts of limited jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Except in limited circumstances provided for by statute, district courts lack subject matter jurisdiction to expunge valid convictions and cannot exercise ancillary jurisdiction to do so. See Doe, 833 F.3d at 196–97; see also Cicero v. United States, No. 19-MC-1143, 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021) (quoting Doe), and at *1 n.3 (discussing statutes authorizing the expungement of certain records in criminal cases); cf. United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977)(holding "[a]

6

court, sitting in a criminal proceeding, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records" (emphasis added)); Doe, 833 F.3d at 197 ("We therefore conclude that Schnitzer is confined to the expungement of arrest records following a district court's order of dismissal . . . ."). Rather, "the Supreme Court instruct[s] that ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Id. at 198 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)). Since expungement of a criminal record premised solely upon equitable grounds does not satisfy either of these purposes, a district court is without a basis to exercise its ancillary jurisdiction to expunge the record of a valid conviction. See id. (citations omitted); see also Cicero, 2021 WL 2075715, at *2 (finding the court lacked jurisdiction to consider expungement petition where the underlying conviction was valid and there was no statutory exception that would confer jurisdiction upon the court to permit consideration of the petition)(collecting cases regarding courts lacking jurisdiction to expunge valid convictions).

B.  The Instant Case

Here, there can be little doubt that Johnson's conviction is valid since: (1) on appeal, the Second Court affirmed Johnson's conviction; (2) in denying his Section 2255 Motion, this Court carefully re-examined Johnson's conviction, and found it was made knowingly and voluntarily; and (3) in rejecting Johnson's Coram Nobis Petition, this Court again thoroughly assessed Johnson's plea and again found no basis to challenge it as it was made knowingly and voluntarily. Relatedly, upon collateral reviews, the Court found no coercion of Johnson in his entry of a guilty plea.

Moreover, Johnson's Supplement Exhibits are unpersuasive in advancing his case for expungement. Simply, there is no evident connection between Petitioner's 2007 conviction and the apparent denial of some veteran-related benefits claim to which the Supplemental Exhibits allude. Nor has Johnson advanced any argument elucidating any connection between the Supplemental Exhibits and his conviction. Certainly, they do not support Johnson's bald contention that he was coerced into entering his plea. The Court further observes that the Supplemental Exhibits post-date Johnson's conviction by approximately a decade and post-dates the commencement of this miscellaneous action by approximately five weeks, underscoring the disconnect between them and his long since concluded Criminal Case. Cf. Doe, 833 F.3d at

8

198 (rejecting defendant's argument that the district court's supervision of her criminal proceedings and its subsequent handling of her motion to expunge on equitable grounds were "factually interdependent" and instead characterizing them as "analytically and temporally distinct").

Finally, the statutes Petitioner identifies -- 18 U.S.C. §§ 2071, 241, and 242 (see ECF No. 2 at 1) -- fail to provide the Court with any authority to grant Johnson the expungement relief he seeks. Section 2071 makes it unlawful to willfully and unlawfully conceal, remove, mutilate, obliterate or otherwise destroy public records filed with the courts; it does not address the Court's authority to lawfully expunge court records. Section 241 makes it unlawful to conspire to restrict the constitutional rights of another. Similarly, Section 242 makes it a crime for a person acting under color of law to willfully deprive a person of a right or privilege protected by the constitution or laws of the United States. Even if these statutes supported Johnson's allegation of being coerced into entering a guilty plea in his Criminal Case, which the Court does not find, they are both silent as to a court's authority to expunge a criminal record. Hence, Petitioner has not presented, nor does the Court find, a statutory exemption that bestows authority upon it to expunge Petitioner's Criminal Case.

In sum and as in Doe, here, the "Court's sentence . . . long ago concluded and its decrees long since expired by the time [Johnson] filed h[is Expunge Petition]." Doe, 833 F.3d at 198. Hence, the Court's subject matter jurisdiction over Petitioner's Criminal Case has extinguished. Moreover, Petitioner has failed to present any evidence that would undermine the validity of Johnson's conviction. Rather, since: (1) Johnson's Criminal Case has long been concluded; (2) his only argument which the Court has been able to glean from his submissions and in support of the Court exercising its ancillary jurisdiction, i.e., that the expungement of Johnson's Criminal Case may somehow facilitate his being awarded veteran-related benefits, is both equitable in nature and factually independent from his Criminal Case; (3) "expunging a record of conviction on equitable grounds is entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees," id. (quoting Kokkonen, 511 U.S. at 380) (cleaned up); and, (4) Petitioner has not pointed to, nor has the Court been able to find, any statutory authority permitting the Court to rule upon the Expunge Petition, there is no basis to exercise ancillary jurisdiction in this instance. Even if, arguendo, the Court had jurisdiction to rule upon said Petition, it would deny the requested relief since, upon the record presented and Johnson's underlying Criminal Case, there is no basis warranting expungement.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's Expunge Petition is DISMISSED;

Thus, IT IS FURTHER ORDERED that the Clerk of Court close this case and mail a copy of this Memorandum and Order to the <u>pro se</u> Petitioner at his address of record.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  7 , 2021
       Central Islip, New York

11