```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ROHAN JOHNSON,

                    Petitioner,
                                              ORDER
          -against-                           21-MC-0788(JS)


UNITED STATES OF AMERICA,

                    Respondent.
-----------------------------------X
APPEARANCES

For Petitioner:     Rohan Johnson, pro se
                    c/o 229-19 Merrick Blvd, #336
                    Jamaica, NY 11413

For Respondent:     No appearance.
```

SEYBERT, District Judge:

Rohan Johnson ("Petitioner"), proceeding pro se, petitions this Court: (1) "for access to review the 'Hard-Copy' case-file" in his criminal case, United States v. Johnson, Case No. 06-CR-0010, and this case;[1] (2) waive the fees "to obtain certified copies of a Complete and Un-redacted Transcript of the courts' record" in those cases; and (3) "to include access to the LOGS & CRYPTIC NOTES of all Parties and Public Servants of the USA

---

[1] Petitioner also references as related cases: (1) his petition for writ of coram nobus, see Johnson v. United States, 17-CV-0517; and (2) the miscellaneous case opened when the Government sought an arrest warrant against Petitioner, see United States v. Johnson, 05-MJ-1521. Both these cases are closed. Petitioner's writ of coram nobus, the related briefing, and the Court's Memorandum and Order denying it are all docketed in his criminal case, No. 06-CR-0010.

involved, or acted in any capacity on the instant issues/matter." (ECF No. 6 (hereafter, the "Access Motion").)  It appears Petitioner's requests are made to facilitate his filing of an appellate memorandum.  (See id.)

As an initial matter, because Petitioner's submissions were filed pro se, the Court will liberally construe them "'to raise the strongest arguments that they suggest.'"  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  However, this does not excuse Petitioner "'from compl[ying] with relevant rules of procedural and substantive law'. . . ."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).  The Court turns to the Access Motion.

First:  All case dockets in this District are maintained electronically using the Court's Electronic Case Filing system ("ECF").  See, e.g., EDNY Admin. Order 2004-08 (June 22, 2004)("Beginning on August 2, 2004, electronic case filing will be mandatory for all civil cases other than pro se cases and for all criminal cases.")  Thus, since the Court does not maintain case dockets in hard-copy format, this branch of Petitioner's Access Motion is denied.  However, the Court has public-access computer terminals in the Clerk's Office in the Brooklyn and Central Islip Courthouses that may be used to review one's case(s).  Therefore,

Petitioner is free to visit either Courthouse to use said computer terminals to review his cases.[2]

As an alternative: (a) the Court is having the docket sheets of Petitioner's criminal case, Case No. 06-CR-0010, and this case, Case No. 21-MC-0788, sent to him with this Order; (b) upon review of said docket sheets, Petitioner may indicate which documents he is specifically requesting by either highlighting or circling them; (c) after returning the docket sheets to the Court's Pro Se Department, Petitioner will be informed of the number of pages per requested document; (d) thereafter, the Petitioner may decide whether he wishes to purchase the identified documents.

Second:  In the absence of good cause shown, there is no basis for the Court to waive either the fees for photocopying documents docketed in Petitioner's cases or for certifying copies of documents.[3]  Hence, Petitioner's blanket fee-waiver request is denied without prejudice to renew upon a specific showing of good cause why said fees should be waived.  **Petitioner is ON NOTICE:** The Court will not entertain a renewed request for copies of all

---

[2]  The Clerk's Office in the Brooklyn Courthouse is currently open to the public, Mondays through Fridays, from 10:00 a.m. to noon and from 1:00 p.m. to 3:00 p.m.  The Clerk's Office in the Central Islip Courthouse is currently open to the public, Mondays through Fridays, from 10:00 a.m. to 1:00 p.m.

[3]  According to the Court's Fee Schedule: (1) the Photocopy fee is fifty cents (50¢) per page; and (2) the Document Certification fee is eleven dollars ($11.00) per document.  (See EDNY Court Fees Schedule, available at https://www.nyed.uscourts.gov/court-fees.)

3

documents in Petitioner's cases. Rather, if Petitioner renews his fee-waiver request, he is to specifically identify those documents he believes are necessary for him to prepare his appellate memorandum.

Third: To the extent Petitioner seeks documents from the Government, that request is not properly before this Court. There is no indication that Petitioner has requested said documents from the Government, either formally via a Rule 45 subpoena, see FED. R. CIV. P. 45, or informally. Moreover, such a request should be narrowly tailored to avoid imposing undue burden or expense on the party from whom documents are requested. See, e.g., FED. R. CIV. P. 45(d)(1). In the absence of showing he has made a reasonable, well-tailored request of the Government for documents related to his cases and the Government has refused that request, the Court denies without prejudice this branch of Petitioner's Access Motion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Access Motion is **DENIED** without prejudice to renew in accordance with the strictures discussed herein.

**IT IS FURTHER ORDERED** that the Clerk of Court:

(1) mail a copy of this Order to the <u>pro se</u> Petitioner at his address of record, and

(2) include with the mailing of this Order the docket sheets for:

    (a) Petitioner's criminal case, Case No. 06-CR-0010, and

    (b) this case, Case No. 21-MC-0788.

**SO ORDERED.**

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: August <u>2</u>, 2021
       Central Islip, New York